IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

:
:      Standing Order No. 94-2
:      Amended 2/8/11
:

STANDING PRACTICE ORDER

IN PRO SE PLAINTIFF CASES

This order is intended to inform the parties to this action of briefing and other litigation responsibilities that commonly arise during the course of a lawsuit.  In doing so, this order will describe the major provisions of Local Rules of Court 7.1 through 7.8 and 7.10, Local Rules 26.4 and 56.1, and Federal Rules of Civil Procedure (Fed. R. Civ. P.) 5, 7 and 56.  The parties should consult the actual rules for a complete description of their requirements.

**A.  Local Rules Dealing with Pre-trial Motions, Deadlines for Briefing the Motions and Other Requirements for Such Motions.**

Local Rule 7.1 provides that all motions must be written, be accompanied by a proposed order, and include a certificate indicating whether the opposing party concurs with the motion.  However, no concurrence need be sought in *pro se* prisoner cases.

Local Rule 7.5 requires that any party who files a motion shall be required to file a brief in support of that motion within fourteen (14) days of the filing of the motion.  Local Rule 5.1(h) requires that the motion and brief be separate documents.  If a moving party does not file a brief in support of his or her motion within the 14-day deadline, Local Rule 7.5 provides that the party shall be deemed to have withdrawn the motion.

Local Rule 7.5 sets forth three exceptions to the briefing requirement.  A brief is not required: (a) in support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) in support of any motion or a stipulation which has concurrence of all counsel, and the reasons for the motion and the relief sought are fully stated therein, or (c) in support of a motion for appointment of counsel.

Sometimes allegations of fact are relied upon to support a pre-trial motion.  If a party

wants to rely upon such allegations, or if the allegations are required by the nature of the motion, Local Rule 7.3 requires that the documents supporting the factual allegations be filed with the court along with the motion.

If the moving party does file a timely brief in support of his or her motion, Local Rule 7.6 provides that the party against whom the motion and brief have been filed must file a brief in opposition to the moving party's motion, together with any opposing evidentiary material, such as affidavits, deposition transcripts, or other documents, within fourteen (14) days after  service of the moving party's brief on the opposing party.

If the party opposing the motion does not file his or her brief and any evidentiary material within the 14-day time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion.  The motion may therefore be granted if: (1) the court finds it meritorious; or (2) the opposing party fails to comply with Local Rule 7.6 despite being ordered to do so by the court.

Local Rule 7.7 allows the moving party to file a reply brief to the opposing party's brief in opposition within fourteen  (14) days of service of the opposing brief.  However, a reply brief is not mandatory, and the failure to file one will not alone result in adverse action by the court.

Local Rule 7.8 explains what the "Contents and Length of Pretrial Briefs" should be, including a limitation on the number of pages a brief can have.

Local Rule 7.10, requires that any motion for reconsideration of an order must be filed within fourteen (14) days after the entry of the order.  This Local Rule does not set the time limit for a motion to alter or to amend a judgment.  A motion to alter or to amend a judgment may be filed within twenty-eight (28) days after the entry of the judgment, as provided under Rule 59 of the Federal Rules of Civil Procedure.  Under Fed. R. Civ. P. 5(a), a party must serve on the other parties to the lawsuit copies of motions, briefs, and other documents accompanying those filings.

In a prisoner case, an order establishing a discovery deadline is usually not entered.

Under Local Rule 26.4, if an order has not been entered setting up a discovery deadline, each party has a six-month period to conduct discovery, starting from the date the last pleading was filed by that party, as "pleading" is defined in Fed. R. Civ. P. 7(a). In a prisoner case, the deadline for filing pre-trial motions is thirty (30) days after the end of the discovery period for that party.

**B.  Summary Judgment Motion Under Fed. R. Civ. P. 56.**

One type of pre-trial motion is a motion for summary judgment under Fed. R. Civ. P. 56. The motion may be made by any party, with or without supporting affidavits. Under Rule 56(e) the affidavits may be supplemented or opposed by depositions, answers to interrogatories or further affidavits. The affidavits may also be supplemented by admissions on file and other appropriate evidentiary material.

Rule 56(e) also provides that a party opposing a summary judgment motion may not rely on the mere allegations or denials in his or her pleading, such as a complaint. Instead, Rule 56(e) requires a party opposing a motion for summary judgment to file evidentiary material (affidavits or other evidence), as described in Rule 56, setting forth specific facts showing there is a genuine issue for trial.

Local Rule 56.1 requires a motion for summary judgment to be accompanied by a separate document containing a short and concise statement of material facts in numbered paragraphs. Local Rule 56.1 also requires a party opposing a summary judgment motion to file a separate concise statement of material facts responding to the numbered paragraphs of the moving party's statement. The local rule further requires that the statements of material fact by both parties must include a reference to that part of the record that supports each statement.

All parties to a summary judgment motion, either moving for it or opposing it, must comply with the filing requirements of Local Rules 7.1 through 7.8, described above. If a party opposing a summary judgment motion does not support such opposition as required by Rule 56, the motion for summary judgment shall be considered solely upon the

affidavits or other supporting evidentiary material filed by the moving party, if any, and the motion may be granted.

## C.  A Pro Se Plaintiff's Obligation to Inform the Court of Address Changes.

A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address.  If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing.  If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

Attached to this order are copies of Local Rules 7.1 through 7.8 and 7.10, Local Rules 26.4 and 56.1, and a copy of the relevant parts of the Federal Rules of Civil Procedure 5, 7 and 56.

**Accordingly, IT IS HEREBY ORDERED THAT:**

Upon the filing of any pro se civil complaint with this court,

1)    the Clerk of Court shall serve a copy of this Order on Plaintiff; and,

2)    if the U.S. Marshal is directed to effect service of the complaint, a copy of the Order shall be served along with the summons and the complaint; and,

3)    all parties shall follow the requirements of these rules or suffer the consequences of their failure to do such, including possible dismissal of their action.  Unless otherwise ordered by the court, there will be no hearing.

FOR THE COURT:

**s/Yvette Kane**
Yvette Kane, Chief Judge
Middle District of Pennsylvania

DATE AS AMENDED:   February 8, 2011

4

**CHAPTER IV**
**PLEADINGS AND MOTIONS**

**LR 7.1 Motions to be Written.**
      A motion must be written, and shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or denied. No concurrence need be sought in *pro se* prisoner cases. A certificate of nonconcurrence does not eliminate the need for counsel to comply with Local Rule 26.3 relating to conferences between counsel in all discovery motions directed toward a resolution of the motion. Every motion shall be accompanied by a form of order which, if entered by the court, would grant the relief sought in the motion.

**LR 7.2 Reserved.**

**LR 7.3 Exhibits and Other Documents Substantiating Motions.**
      When allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts, and other documents must be filed simultaneously with the motion and shall comply with Local Rule 5.1 (f).

**LR 7.4 Motions for Summary Judgment.**
      For local rule regarding the filing of Motions for Summary Judgment, see LR 56.1. Briefing schedules under Local Rules 7.5, 7.6 and 7.7 are applicable to any brief filed in connection with a motion for summary judgment.

**LR 7.5 Submission of Briefs Supporting Motions.**
      Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. If the motion seeks a protective order, a supporting brief shall be filed with the motion. If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn. A brief shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

**LR 7.6 Submission of Briefs Opposing Motions.**
      Any party opposing any motion, other than a motion for summary judgment,  shall file a brief in opposition, within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule shall be deemed not to oppose such motion. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition.
      A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

**LR 7.7 Reply Briefs.**
      A brief in reply to matters argued in a brief in opposition may be filed by the moving party within fourteen (14) days after service of the brief in opposition. No further briefs may be filed without leave of court.

**LR 7.8 Contents and Length of Pretrial Briefs.**
      **(a) Contents of Briefs.**

Briefs shall contain complete citations of all authorities relied upon, including whenever practicable, citations both to official and unofficial reports. No brief may incorporate by reference all or any portion of any other brief. A copy of any unpublished opinion which is cited must accompany the brief as an attachment. The brief of the moving party shall contain a procedural history of the case, a statement of facts, a statement of questions involved, and argument. The brief of the opposing party may contain a counter statement of the facts and of the questions involved and a counter history of the case. If counter statements of facts or questions involved are not filed, the statements of the moving party will be deemed adopted. The brief of each party, if more than fifteen (15) pages in length, shall contain a table of contents, with page references, and table of citations of the cases, statutes and other authorities referred to therein, with references to the pages at which they are cited. A brief may address only one motion, except in the case of cross motions for summary judgement.

**(b) Length of Briefs**

**(1)** Unless the requirements of Local Rule 7.8 (b)(2) and (3) are met, no brief shall exceed fifteen (15) pages in length.

**(2)** A brief may exceed fifteen (15) pages so long as it does not exceed 5,000 words. If a brief is filed in accordance with this subsection, counsel, or an unrepresented party, must include a certificate (subject to Fed. R. Civ. P. 11) that the brief complies with the word-count limit described in this subsection. The person preparing the certificate may rely on the word count feature of the word-processing system used to prepare the brief. The certificate must state the actual number of words in the brief.

**(3)** No brief exceeding the limits described in this rule may be filed without prior authorization. Any motion seeking such authorization shall specify the length of the brief requested and shall be filed at least two (2) working days before the brief is due.

c **Length of Briefs in Appeals from Bankruptcy Court.**

Unless otherwise ordered by the court, the provisions of subparagraph (b) of this rule relating to the lenght of briefs shall not apply to matters on appeal to the district court from the bankruptcy court.

### LR 7.9 Oral Arguments on Pretrial Motions.

Promptly upon the expiration of the time for filing of all briefs in support of or in opposition to a motion, the judge to whom the action has been assigned may order oral argument at such time and place as the judge shall direct, either in open court or in chambers. The judge, in his or her discretion, may grant oral argument *sua sponte* or at the request of either or both parties.

### LR 7.10 Motions for Reconsideration.

Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned. This rule is not applicable to a motion to alter or amend a judgment under Fed. R. Civ.. P. 59.

## CHAPTER VIII
## DEPOSITIONS AND DISCOVERY

### LR 26.1 Duty to Investigate and Disclose.

(a) Prior to the conference of attorneys required by Local Rule 16.3, counsel for the parties shall inquire into the computerized information-management systems used by their clients so that they are knowledgeable about the operation of those systems, including how information is stored and how it can be retrieved. At the same time, counsel shall inform their clients of the duty to preserve electronically stored information.

(b) In making the disclosures required by Fed. R. Civ. P. 26(a)(1), the parties must disclose electronically stored information to the same extent they would be required to disclose information, files or documents stored by any other means.

(c) During the conference of attorneys required by Local Rule 16.3(a), in addition to those matters described in that rule, counsel shall discuss and seek to reach agreement on the following:

> **(1) Electronically stored information in general**. Counsel shall attempt to agree on steps the parties will take to segregate and preserve electronically stored information in order to avoid accusations of spoliation.
>
> **(2) E-mail information.** Counsel shall attempt to agree on the scope of e-mail discovery and e-mail search protocol.
>
> **(3) Deleted information.** Counsel shall attempt to agree on whether deleted information still exists, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration.
>
> **(4) Back-up and archival data.** Counsel shall attempt to agree on whether back-up and archival data exists, the extent to which back-up and archival data is needed, and who will bear the cost of obtaining such data.
>
> **(5) Costs.** Counsel shall discuss the anticipated scope, cost, and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business, and shall attempt to agree on the allocation of costs.
>
> **(6) Format and media.** Counsel shall discuss and attempt to agree on the format and media to be used in the production of electronically stored information.

(d) In the event the parties cannot agree on the matters described in subparagraph (c), counsel shall note the issue of disagreement in Section 10 ("Other Matters") of the joint case management plan so that the court may, if appropriate, address the matter during the case-management conference.

**LR 26.4 Discovery Proceedings, Closing of.**

In the absence of a discovery deadline set forth in a court order, each party to a civil action shall complete all discovery proceedings within six (6) months of the date of the last pleading filed by that party. The word "pleading" shall have the same meaning in this rule as in Fed.R.Civ.P.7(a). After the expiration of the discovery deadline, the parties are deemed ready for trial.

**LR 56.1 Motions for Summary Judgment.**

A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

<u>**Fed. R. Civ. P. 5 Service and Filing of Pleadings and Other Papers**</u>
   **(a) Service: When Required.**
      **(1)** *In General*.  Unless these rules provide otherwise, each of the following papers must be served on every party:
         **(A)** an order stating that service is required;

         **(B)** a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;
         **(C)** a discovery paper required to be served on a party, unless the court orders otherwise;
         **(D)** a written motion, except one that may be heard ex parte; and

         **(E)** a written notice, appearance, demand, or offer of judgment, or any similar paper.
      **(2)** *If a Party Fails to Appear*.  No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.
      **(3)** *Seizing Property*.  If an action is begun by seizing property and no person is or need be named as a defendant, any service required before the filing of an appearance, answer, or claim must be made on the person who had custody or possession of the property when it was seized.
   **(b) Service: How Made**.

      **(1)** *Serving an Attorney*.  If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.
      **(2)** *Service in General*.  A paper is served under this rule by:

         **(A)** handing it to the person;

         **(B)** leaving it:

            **(i)** at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
            **(ii)** if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
         **(C)** mailing it to the person's last known address — in which event service is complete upon mailing;
         **(D)** leaving it with the court clerk if the person has no known address;

         **(E)** sending it by electronic means if the person consented in writing — in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or

         **(F)** delivering it by any other means that the person consented to in writing — in which event service is complete when the person making service delivers it to the agency designated to make delivery.
      **(3)** *Using Court Facilities*.  If a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E).

**(c) Serving Numerous Defendants.**

    **(1)** *In General*.  If an action involves an unusually large number of defendants, the court may, on motion or on its own, order that:

        **(A)** defendants' pleadings and replies to them need not be served on other defendants;

        **(B)** any crossclaim, counterclaim, avoidance, or affirmative defense in those pleadings and replies to them will be treated as denied or avoided by all other parties; and

        **(C)** filing any such pleading and serving it on the plaintiff constitutes notice of the pleading to all parties.

    **(2)** *Notifying Parties*.  A copy of every such order must be served on the parties as the court directs.

**(d) Filing**

    **(1)** *Required Filings; Certificate of Service*.  Any paper after the complaint that is required to be served — together with a certificate of service — must be filed within a reasonable time after service. But disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission.

    **(2)** *How Filing Is Made — In General*.  A paper is filed by delivering it:

        **(A)** to the clerk; or

        **(B)** to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk.

    **(3)** *Electronic Filing, Signing, or Verification*.  A court may, by local rule, allow papers to be filed, signed, or verified by electronic means that are consistent with any technical standards established by the Judicial Conference of the United States. A local rule may require electronic filing only if reasonable exceptions are allowed. A paper filed electronically in compliance with a local rule is a written paper for purposes of these rules.

    **(4)** Acceptance by the Clerk.  The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.

## Fed. R. Civ. P. 7  Pleadings Allowed; Form of Motions and Other Papers

    **(a) Pleadings.**  Only these pleadings are allowed:

        **(1)** a complaint;

        **(2)** an answer to a complaint;

        **(3)** an answer to a counterclaim designated as a counterclaim;

        **(4)** an answer to a crossclaim;

        **(5)** a third-party complaint;

        **(6)** an answer to a third-party complaint; and

        **(7)** if the court orders one, a reply to an answer.

    **(b) Motions and Other Papers**

        **(1)** *In General*.  A request for a court order must be made by motion. The motion

must:

> **(A)** be in writing unless made during a hearing or trial;
>
> **(B)** state with particularity the grounds for seeking the order; and
>
> **(C)** state the relief sought.

**(2)** *Form*.  The rules governing captions and other matters of form in pleadings apply to motions and other papers.

## Fed. R. Civ. P. 56  Summary Judgment

**(a) By a Claiming Party.**
A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

**(b) By a Defending Party.**

A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

**(c)  Time for a Motion, Response, and Reply; Proceedings**.

(1)  These times apply unless a different time is set by local rule or the court orders otherwise:

(A)  a party may move for summary judgment at any time until 30 days after the close of all discovery;

(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and

( C) the movant may file a reply within 14 days after the response is servced.

(2)  The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

**(d) Case Not Fully Adjudicated on the Motion**.

(1) Establishing Facts.

If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue.  The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys.  It should then issue an order specifying what facts -- including items of damages or other relief-- are not genuinely at issue.  The facts specified must be treated as established in the action.

(2) Establishing Liability.

An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

**(e) Affidavits; Further Testimony.**

(1) In General

A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.  The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

(2) Opposing Party's Obligation to Respond.

When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

**(f) When Affidavits Are Unavailable.**

If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may;

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(3) issue any other just order.

**(g) Affidavits Submitted in Bad Faith.**

If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result.  An offending party or attorney may also be held in contempt.