THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO,<br>286 Upper Powderly Street<br>Carbondale, Pennsylvania  18407<br><br>　　　　　Plaintiff,<br><br>　　VS.<br><br>4IMPRINT, INC.,<br>4 All PROMOS, LLC,<br>NATIONAL PEN COMPANY,<br>ANYPROMO, INC.,<br>EVERYTHING BRANDED USA, INC.,<br>BEL USA, LLC,<br>QUALITY LOGO PRODUCTS, INC.,<br>BRILLIANT PROMOTIONS, INC.,<br>ORDER SWAG,<br>DHGATE,<br>PROFESSIONAL MARKETING SERVICES INC.,<br>BEST LITTLE PROMOHOUSE IN TEXAS, LLC.,<br>GARRETT SPECIALTIES,<br>CENTURY 2001 PROMOTIONAL PRODUCTS,<br>GIMMEES.COM,<br>PINNACLE PROMOTIONS,<br>PROMOS 911, INC.,<br>EMPIRE PROMOTIONAL PRODUCTS,<br>COLLEGIATE CONCEPTS, INC.<br>and DOES 1 THROUGH 50<br><br>　　　　　Defendants. | Case No. 3:22 –cv-1753<br><br><br>JUDGE MALACHY E MANNION<br><br><br>JURY TRIAL DEMANDED<br><br>FILED<br>SCRANTON<br>NOV 15 2022<br>PER _____<br>DEPUTY CLERK |

## PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, David J. Catanzaro ("Plaintiff" or "Mr. Catanzaro"), complains of 4imprint Inc. ("4imprint"), 4 All Promos, LLC ("4 All Promos"), National Pen Company ("National Pen"), AnyPromo, Inc. ("AnyPromo"), Everything Branded USA, Inc. ("Everything Branded USA"), Bel USA, LLC ("Bel USA"), Quality Logo Products, Inc. ("Quality Logo Products"), Brilliant Promotions, Inc. ("Brilliant Promotions"), Order Swag, DHGate, Professional Marketing Services Inc. ("Professional Marketing Services"), Best Little Promohouse In Texas, LLC ("Best Little Promohouse In Texas"), Garrett Specialties, Century 2001 Promotional Products, Gimmees.com ("Gimmees"), Pinnacle Promotions, Promos 911, INC. ("Promos 911"), Empire Promotional Products and Collegiate Concepts, Inc. ("Collegiate Concepts") as follows:

## I. JURISDICTION.

1.   This is a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code. This Court and other federal district courts have exclusive jurisdiction over the subject matter of this case under 28 U.S.C.§ 1338(a).

## II. VENUE.

2.   Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Further, venue is proper as to each defendant under 28 U.S.C. §1400(b).

## III. PARTIES.

3.   Plaintiff currently resides at 286 Upper Powderly Street, Carbondale, Pennsylvania 18407. Plaintiff is the owner of United States Patent No. 7,653,959 B1 (the "'959 patent"), entitled "Article Assembly," that issued on February 2, 2010 and expired on

December 30, 2016. Under section 286 of the patent act, Plaintiff has the sole right to a six year look back to sue for infringement of said patent, allowing Plaintiff from the day the original complaint was filed (November 3, 2022) up to December 30, 2022 to make a valid claim. A copy of the '959 patent is attached hereto as **Exhibit A**.

4. Upon information and belief, 4Imprint is a Wisconsin company with its principal place of business at 101 Commerce St, Oshkosh, WI 54901

5. Upon information and belief 4 All Promos is a Connecticut company with its principal place of business at 50 West Ave. Essex, CT 06426

6. Upon information and belief National Pen is a Tennessee company with its principal place of business at 342 Shelbyville Mills Road Shelbyville, TN 37160

7. Upon information and belief AnyPromo is a California company with its principal place of business at 1511 E Holt Blvd Ontario, CA 91761

8. Upon information and belief Everything Branded USA is a Nevada company with its principal place of business at 6725 via Austi Pkwy Suite 150 Marnel Corporate Center 3 Las Vegas, NV 89119

9. Upon information and belief Bel USA is a Florida company with its principal place of business at 12610 NW 115th Ave, Miami, FL 33178

10. Upon information and belief Quality Logo Products is a Illinois company with its principal place of business at 724 North Highland Ave. Aurora, Illinois, 60506

11. Upon information and belief Brilliant Promotions is a Arizona company with its principal place of business at| 21020 North 8th Way Suite 1 | Phoenix, AZ, 85024

12. Upon information and belief Order Swag is a Georgia company with a Principal place of business at 8215 Roswell Rd Suite 900 Atlanta, GA, 30350

13. Upon information and belief DHGate is a China company with a principal place of business at C/O 381 Brea Canyon Road, Walnut, CA 91789

14. Upon information and belief Professional Marketing Services is a Connecticut company with a principal place of business at 300 Long Beach Blvd, Stratford, CT 06615

15. Upon information and belief Best Little Promohouse In Texas is a Texas company with a principal place of business at 102 Love Bird Lane, Murphy, TX 75094

16. Upon information and belief Garrett Specialties is a New Jersey company with a principal place of business at 10000 Lincoln Dr., E Suite 201, Marlton, NJ 08053

17. Upon information and belief Century 2001 Promotional Products is a Florida company with a principal place of business at 110 Tomahawk Dr., Indian Harbour Beach, Florida 32937

18. Upon information and belief Gimmees is a New Jersey company with a principal place of business at 28 N Coolidge Ave. Unit A, Margate City, NJ 08402-1012

19. Upon information and belief Pinnacle Promotions is a George company with a principal place of business at 4855 Peachtree Industrial Blvd #235, Norcross, GA 30092

20. Upon information and belief Promos 911 is a Illinois company with a principal place of business at 930 N York Rd, Hinsdale, Illinois, 60521

21. Upon information and belief Empire Promotional Products is a New York

4

Company with a principal place of business at 65 W 90th St #6F, New York, NY 10024

22. Upon information and belief Collegiate Concepts is a Minnesota Company with a principal place of business at 1306 County Rd F West Suite 210, Arden Hills, MN 55112

23. Plaintiff does not know the true identities of fictitious Defendants Does 1 through 50, but reserves the right to amend this complaint to add said defendants upon discovery of their true identities.

24. This court has personal jurisdiction over the named Defendant.

## IV. RELEVANT MATTER

25. The "959 patent is a continuation of U.S. Patent No. 6,026,532 (the "532 patent") which was assigned to the Church & Dwight Co. on February 28, 2011, as part of a settlement agreement during a patent infringement lawsuit ( *David Catanzaro v. Procter & Gamble Co. et al.)*

26. The '959 patent contained a Terminal Disclaimer whereby the Disclaimer stated that joint ownership of the '532 and '959 patent was required for the '959 patent to be enforceable.

27. Church & Dwight assigned the '532 patent back to Plaintif on August 31, 2016 (The Assignment effective date). The Assignment is attached hereto as **Exhibit B**

28. Plaintiff has full legal right to commence this matter

## V. CLAIMS.

### COUNT I – DECLARATORY JUDGMENT

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28, inclusive.

29. An actual, present and justiciable controversy has arisen between Plaintiff and Defendants regarding the '959 patent.

30. Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Plaintiff seeks declaratory judgment from this Court that Defendants has infringed upon the '959 patent.

### COUNT VI – PATENT INFRINGEMENT

31. Defendents transacts business in this judicial district related to the '959 patent, without a license or permission from plaintiff. Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '959 patent. Defendants did so by manufacturing, having manufactured, importing, using, offering for sale and/or selling products that embody and/or practice the patented invention, known as "Bend-a-Pen" " "Happy Highlighter" "Goofy Group Pencil Sharpener W/ Smiley Pencil" "Pop-a-doo Computer dusty brush" "Cute Crew Highlighter" "Cool Crew Pen" along with other similar assorted product lines sold throughout the enforcement term on the '959 patent (At this time, Plaintiff does not know all the true identifying names of all infringing products.)

32. Defendants transact business in this judicial district and have committed acts of infringement in this judicial district by offering for sale and selling the Bend-a-Pen, Happy Highlighter, Goofy Group Pencil Sharpener W/ Smiley Pencil, Pop-a-doo Computer dusty brush,

Cute Crew Highlighter, Cool Crew Pen, products along with other similar assorted product lines after February 2, 2010. ( Plaintiff does not know all the true Identifying names of all infringing products.)

16. Plaintiff seeks damages for patent infringement against Defendants for the maximum period of time permitted by law.

17. Defendants have directly infringed claims 1, 4, 5 & 8 of the '959 patent in violation of 35 U.S.C. § 271(a). Upon information and belief, Defendants have also infringed claims 1, 4, 5 & 8 of the '959 patent by knowingly and actively inducing others to infringe in violation of 35 U.S.C. § 271(b).

18. Upon information and belief, Defendants infringement of the '959 patent have been willful and deliberate. Defendants infringement has injured plaintiff.

## VII. PRAYER FOR RELIEF.

WHEREFORE, Plaintiff, David J. Catanzaro, respectfully requests that this Court enter Judgment against Defendants and against their subsidiaries, successors, parents, affiliates, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

    A. Issue a declaratory judgment stating that Defendants have infringed the '959 patent;

    B. Order an award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

C.  Issue a finding that Defendants acts of infringement have been willful and ordering an award of increased damages as provided by 35 U.S.C. § 284;

D.  Order Defendants to pay plaintiff's reasonable attorney fees and costs of this action; and,

E.  Order such other relief that Plaintiff is entitled to under law and any other further relief that this Court or jury may deem just and proper.

## VIII.  JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues presented in this complaint.

Respectfully submitted,

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

# EXHIBIT A

US007653959B1

(12) **United States Patent**  (10) Patent No.: **US 7,653,959 B1**
Catanzaro  (45) Date of Patent: **Feb. 2, 2010**

(54) **ARTICLE ASSEMBLY**

(76) Inventor: **David Catanzaro**, 626 Penn Ave., Mayfield, PA (US) 18433

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/505,791**

(22) Filed: **Feb. 17, 2000**

**Related U.S. Application Data**

(63) Continuation of application No. 08/777,032, filed on Dec. 30, 1996, now Pat. No. 6,026,532.

(51) Int. Cl.
*A46B 9/04* (2006.01)

(52) U.S. Cl. .................. **15/167.1**; 15/184; 15/143.1; 15/257.01; D4/108; D4/107; D6/534; 248/111; 248/908; 132/308

(58) Field of Classification Search .............. D4/104, D4/107, 108, 125, 126; D6/528, 534; 15/167.1, 15/143.1, 184, 257.01, 146, 246; 248/163.1, 248/188.8, 188.9, 110, 111, 915, 908; 132/308, 132/309; 206/362.3, 349, 457
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D155,668 S | * | 10/1949 | Zandberg et al. | D4/107 |
| 2,539,035 A | * | 1/1951 | Scanlon et al. | 248/111 |
| D197,309 S | * | 1/1964 | Feverbacher | D4/107 |
| 3,138,813 A | * | 6/1964 | Kaplan | 15/22 |
| 3,140,782 A | * | 7/1964 | Schulte | 248/908 |
| D209,574 S | * | 12/1967 | Zandberg et al. | D4/107 |
| D279,248 S | * | 6/1985 | Oliver | D6/104 |
| 5,269,420 A | * | 12/1993 | Harrison et al. | 206/362.3 |
| 5,353,464 A | * | 10/1994 | Atkins et al. | 15/167.1 |
| 5,444,889 A | * | 8/1995 | Barre | 15/167.1 |
| D363,166 S | * | 10/1995 | Perrine | D4/104 |
| D369,932 S | * | 5/1996 | Petronio | D6/534 |
| D370,146 S | * | 5/1996 | Petronio | D6/534 |
| D370,147 S | * | 5/1996 | Petronio | D6/534 |
| 5,590,436 A | * | 1/1997 | Wright | 15/105 |
| 5,675,859 A | * | 10/1997 | Barre | 15/167.1 |
| D388,254 S | * | 12/1997 | Schiffer | D4/107 |
| D392,464 S | * | 3/1998 | Jesiolowski | D4/107 |
| D395,757 S | * | 7/1998 | Schiffer | D4/107 |
| 6,015,328 A | * | 1/2000 | Glaser | 15/167.1 |
| 6,026,532 A | * | 2/2000 | Catanzaro | 15/167.1 |
| 6,141,815 A | * | 11/2000 | Harrison et al. | 15/145 |

OTHER PUBLICATIONS

Pictures of SALTON Inc. foot stand, stand includes a copyright mark of 1990.*
Pictures of SALTON Inc. foot stand, stand was on sale in Mar. 1999.*

* cited by examiner

*Primary Examiner*—Gary K. Graham

(57) **ABSTRACT**

An assembly comprising a toothbrush having a first and second end. A stand in the shape of a pair of feet retains the brush in a vertical position when the stand is placed on a horizontal surface. For additional support, a base may be incorporated with the stand.

**8 Claims, 2 Drawing Sheets**







FIG.4

FIG.5

# ARTICLE ASSEMBLY

This application is a continuation of U.S. Utility Application 08/777,032, filed on Dec. 30, 1996, now U.S. Pat. No. 6,026,532. The earlier filing date of this application is hereby claimed under 35 U.S.C 120.

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

This application claim benefit to provisional Application 60/009,323 Dec. 28, 1995.

The instant invention relates generally to toothbrushes, but may also find a useful application in other types of methods differing from the type described herein. More specifically it relates to an assembly which may contain a combination of appealing qualities.

### 2. Description of the Prior Art

There are various advantages in storing a toothbrush in an upright position, and numerous patents have disclosed holders or stands for retaining a toothbrush in a vertical position when placed on a horizontal surface. For instance, U.S. Pat. No. 5,444,889 (Barre) discloses a toothbrush assembly including a toothbrush and a stand for holding the brush. The stand includes a cup portion having a cavity within, wherein the brush handle can be inserted. A pair of legs separate and unattached to one another support and are connected to the cup portion. Further included is a foot for each leg, each foot being connected to the lower end of the leg opposite the cup portion. The feet are also separate and unattached from one another. U.S. Pat. Des. 369,932 and U.S. Pat. Des. 370,147 (Petronio) discloses a toothbrush holder in the shape of a torso having a front and rear portion. The front portion includes a recess extending therethrough, wherein a brush handle can be inserted, Further included, extending from the front portion, is a pair of feet which are separate and unattached from one another. A tail section extends from the rear portion. While these units may be suitable for the particular purpose to which they address, they would not be suitable for the purposes of the present invention as heretofore described.

## SUMMARY OF THE INVENTION

A first object of the present invention is to provide an assembly that will overcome the shortcomings of the prior art devices.

A second object is to provide an assembly, comprising a toothbrush having a first and second end, and a stand for receiving the second end of the brush handle therein, thereby retaining the handle in a vertical position when the stand is placed on a horizontal surface.

A third object is to provide an assembly, in which the stand is releasably connected to the toothbrush handle.

A forth object is to provide an assembly, in which the stand is a pair of feet which are positioned together to form a continuous bottom supporting surface and a single heel portion, wherein the single heel portion includes a recess for selectively receiving the second end of the toothbrush handle therein.

A fifth object is to provide an article assembly, in which a base is connected to the bottom side of the foot stand for providing additional stability to the foot stand.

A sixth object is to provide an article assembly, in which the base includes a recess extending therethrough and in alignment with the recess in the foot stand for additionally receiving the receivable end of the article therein, for providing additional stability to the foot stand and article.

A seventh object is to provide an article assembly, that is simple and easy to use.

An eight object is to provide an article assembly, that is economical in cost to manufacture.

Further objects of the invention will appear as the description proceeds.

To the accomplishment of the above and related objects, this invention may be embodied in the form illustrated in the accompanying drawings, attention being called to the fact, however, that the drawings are illustrative only, and that changes may be made in the specific construction illustrated and described within the scope of the appended claims.

## BRIEF DESCRIPTION OF THE DRAWING FIGURES

FIG. 1 is a front exploded perspective view of the assembly according to the present invention.

FIG. 2 is a front exploded perspective view of the assembly according to the present invention showing a base for the stand.

## DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENTS

With regard to FIGS. 1 and 2, the embodiment of the invention drawn shows an elongated handle 1 having a first end 2 a second end 3 and a first and second side. A stand 5 is in the shape of first and second feet 6a and 6b. Each first and second feet 6a and 6b, are elongated to define a toe end and together a common heel end. First and second feet 6a and 6b are joined together and positioned together to form a continuous bottom supporting surface. The heel end of each first and second feet 6a and 6b, is positioned together to form a single heel portion 7. Single heel portion 7 includes a recess 8 extending through a top side thereof and towards a sole thereof for selectively receiving second end 3 of handle 1 therein, thereby retaining handle 1 in a vertical position when stand 5 is placed on a horizontal surface. First and second feet 6a and 6b each include a side surface, the side surfaces intersect one another in a common plane. The toe end of first and second feet 6a and 6b are at an acute angle to one another.

If desired, a base 9 could be connected to a bottom side of stand 5 as shown in FIG. 2. Base 9 may include a recess 10 extending therethrough and in alignment with recess 8 in stand 5 for additionally receiving second end 3 of handle 1 therein, to provide additional stability to handle 1 and stand 5.

It will be understood that each of the elements described above, or two together, may also find a useful application in other types of methods differing from the type described above.

While certain novel features of this invention have been shown and described are pointed out in the annexed claims, it is not intended to be limited to the details above, since it will be understood that various omissions, modifications, substitutions and changes in the forms and details of the device illustrated and in its operation can be made by those skilled in the art without departing in any way from the sprit of the present invention.

Without further analysis, the foregoing will so fully reveal the gist of the present invention that others can, by applying current knowledge, readily adapt it for various applications without omitting features that, from the standpoint of prior art, fairly constitute essential characteristics of the generic aspects of this invention.

US 7,653,959 B1

3

What is claimed is new and desired to be protected by Letters Patent is set forth in the appended claims:

1. An article assembly comprising:
 a) an article having a receivable end, and
 b) a stand in the shape of first and second feet, each of said first and second feet being elongated to define a toe end and together a common heel end, said first and second feet being joined together and positioned together to form a continuous bottom supporting surface, said heel end of each of said first and second feet being positioned together to form a single heel portion, said single heel portion including a recess extending through a topside thereof and towards a sole thereof for selectively receiving said receivable end of said article therein, thereby retaining said article when said stand is placed on a horizontal surface, said first and second feet each including a side surface, said side surfaces intersecting one another in a common plane.

2. The article assembly as claimed in claim 1, further comprising a base connected to a bottom side of said stand.

3. The article assembly as claimed in claim 2, wherein said base includes a recess extending therethrough and in alignment with said recess in said stand for additionally receiving said receivable end of said article therein.

4

4. The article assembly as claimed in claim 1, wherein said toe end of said first and second feet are at an acute angle to one another.

5. An article assembly comprising:
 A stand in the shape of first and second feet, each of said first and second feet being elongated to define a toe end and together a common heel end, said first and second feet being joined together and positioned together to form a continuous bottom supporting surface, said heel end of each of said first and second feet being positioned together to form a single heel portion, said single heel portion including a recess extending through a topside thereof and towards a sole thereof, said first and second feet including a side surface, said side surfaces intersecting one another in a common plane.

6. The article assembly as claimed in claim 5, further comprising a base connected to a bottom side of said stand.

7. The article assembly as claimed in claim 6, wherein said base includes a recess extending therethrough and in alignment with said recess in said stand.

8. The article assembly as claimed in claim 5, wherein said toe end of said first and second feet are at an acute angle to one another.

* * * * *

# UNITED STATES PATENT AND TRADEMARK OFFICE
## CERTIFICATE OF CORRECTION

PATENT NO.       : 7,653,959 B1                                    Page 1 of 3
APPLICATION NO.  : 09/505791
DATED            : February 2, 2010
INVENTOR(S)      : Catanzaro

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

The title page, showing an illustrative figure, should be deleted and substitute therefor the attached title page.

Delete drawing sheets 1-2 and substitute therefor the drawing sheet, consisting of figures 1-2 as shown on the attached page.

Signed and Sealed this

Eighteenth Day of May, 2010

*David J. Kappos*

David J. Kappos
*Director of the United States Patent and Trademark Office*

**CERTIFICATE OF CORRECTION (continued)**      Page 2 of 3

## (12) United States Patent
### Catanzaro

(10) Patent No.: **US 7,653,959 B1**
(45) Date of Patent: **Feb. 2, 2010**

(54) **ARTICLE ASSEMBLY**

(76) Inventor: David Catanzaro, 626 Penn Ave., Mayfield, PA (US) 18433

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: 09/505,791

(22) Filed: Feb. 17, 2000

**Related U.S. Application Data**

(63) Continuation of application No. 08/777,032, filed on Dec. 30, 1996, now Pat. No. 6,026,532.

(51) Int. Cl.
A46B 9/04 (2006.01)
(52) U.S. Cl. ............ 15/167.1; 15/184; 15/143.1; 15/257.01; D4/108; D4/107; D6/534; 248/111; 248/908; 132/308
(58) Field of Classification Search ............ D4/104, D4/107, 108, 125, 126; D6/528, 534; 15/167.1, 15/143.1, 184, 257.01, 146, 246; 248/163.1, 248/188.8, 188.9, 110, 111, 915, 908; 132/308, 132/309; 206/362.3, 349, 457
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D155,668 S | * | 10/1949 | Zandberg et al. | D4/107 |
| 2,539,035 A | * | 1/1951 | Scanlon et al. | 248/111 |
| D197,309 S | * | 1/1964 | Feverbacher | D4/107 |
| 3,138,813 A | * | 6/1964 | Kaplan | 15/22 |
| 3,140,782 A | * | 7/1964 | Schulte | 248/908 |
| D209,574 S | * | 12/1967 | Zandberg et al. | D4/107 |
| D279,248 S | * | 6/1985 | Oliver | D6/104 |
| 5,269,420 A | * | 12/1993 | Harrison et al. | 206/362.3 |
| 5,353,464 A | * | 10/1994 | Atkins et al. | 15/167.1 |
| 5,444,889 A | * | 8/1995 | Barre | 15/167.1 |
| D363,166 S | * | 10/1995 | Perrine | D4/104 |
| D369,932 S | * | 5/1996 | Petronio | D6/534 |
| D370,146 S | * | 5/1996 | Petronio | D6/534 |
| D370,147 S | * | 5/1996 | Petronio | D6/534 |
| 5,590,436 A | * | 1/1997 | Wright | 15/105 |
| 5,675,859 A | * | 10/1997 | Barre | 15/167.1 |
| D388,254 S | * | 12/1997 | Schiffer | D4/107 |
| D392,464 S | * | 3/1998 | Jesiolowski | D4/107 |
| D395,757 S | * | 7/1998 | Schiffer | D4/107 |
| 6,015,328 A | * | 1/2000 | Glaser | 15/167.1 |
| 6,026,532 A | * | 2/2000 | Catanzaro | 15/167.1 |
| 6,141,815 A | * | 11/2000 | Harrison et al. | 15/145 |

OTHER PUBLICATIONS

Pictures of SALTON Inc. foot stand, stand includes a copyright mark of 1990.*
Pictures of SALTON Inc. foot stand, stand was on sale in Mar. 1999.*

* cited by examiner

Primary Examiner—Gary K. Graham

(57) **ABSTRACT**

An assembly comprising a toothbrush having a first and second end. A stand in the shape of a pair of feet retains the brush in a vertical position when the stand is placed on a horizontal surface. For additional support, a base may be incorporated with the stand.

**8 Claims, 1 Drawing Sheet**




**CERTIFICATE OF CORRECTION (continued)**
U.S. Pat. No. 7,653,959 B1

Page 3 of 3



# EXHIBIT B

**CONFIDENTIAL**

**APPENDIX 1**

**ASSIGNMENT**

Church & Dwight Co., Inc., a Delaware corporation with its principal place of business at 500 Charles Ewing Boulevard, Ewing, New Jersey 08628, New Jersey ("Church & Dwight") is the present owner of U.S. Patent Number 6,026,532 entitled "Toothbrush Assembly" ("the '532 Patent") and all of the inventions set forth therein.

For valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Church & Dwight sells and assigns to David Catanzaro all right, title, and interest in the '532 Patent.

This assignment is subject to all preexisting licenses, covenants-not-to-sue and agreements-not-to-assert concerning the '532 Patent provided that the covenants-not-to-sue or agreements-not-to-assert were disclosed or known to David Catanzaro. David Catanzaro takes right, title and interest in the '532 Patent subject to all preexisting licenses, covenants-not-to-sue and agreements not to assert.

I authorize the Commissioner of Patents and Trademarks to indicate that the entire right, title, and interest in the '532 Patent has been sold and assigned to David Catanzaro as set forth herein.

This ASSIGNMENT is effective as of August 31, 2016.

**CHURCH & DWIGHT CO., INC.**

By: _[signature]_

Name: Ray Brown

Title: V.P., Global R&D

12