THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID J. CATANZARO,
286 Upper Powderly Street
Carbondale, Pennsylvania 18407

        Plaintiff,

    VS.

4IMPRINT, INC.,
4 All PROMOS, LLC,
NATIONAL PEN COMPANY,
ANYPROMO, INC.,
EVERYTHING BRANDED USA, INC.,
BEL USA, LLC,
QUALITY LOGO PRODUCTS, INC.,
BRILLIANT PROMOTIONS, INC.,
ORDER SWAG,
PROFESSIONAL MARKETING SERVICES INC.,
BEST LITTLE PROMOHOUSE IN TEXAS, LLC.,
GARRETT SPECIALTIES,
CENTURY 2001 PROMOTIONAL PRODUCTS,
GIMMEES.COM,
PINNACLE PROMOTIONS,
PROMOS 911, INC.,
EMPIRE PROMOTIONAL PRODUCTS,
COLLEGIATE CONCEPTS, INC.
PRIME LINE
SPECWORKS, INC.
PREMIUM INDUSTRIES, INC.
DELUXE.COM
MY PROMOTIONAL PENS
EXECUTIVE ADVERTISING
DESIGNWEAR PREMIER PROMOTIONS
and DOES 1 THROUGH 50

        Defendants.

Case No. 3:22-cv-1753

JUDGE MALACHY E MANNION

JURY TRIAL DEMANDED

FILED
SCRANTON
NOV 23 2022
PER _____
DEPUTY CLERK

## PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, David J. Catanzaro ("Plaintiff" or "Mr. Catanzaro"), complains of 4imprint Inc.

("4imprint"), 4 All Promos, LLC ("4 All Promos"), National Pen Company ("National Pen"),

AnyPromo, Inc. ("AnyPromo"), Everything Branded USA, Inc. ("Everything Branded

USA"), Bel USA, LLC ("Bel USA"), Quality Logo Products, Inc. ("Quality Logo

Products"), Brilliant Promotions, Inc. ("Brilliant Promotions"), Order Swag,

Professional Marketing Services Inc. ("Professional Marketing Services"), Best Little

Promohouse In Texas, LLC ("Best Little Promohouse In Texas"), Garrett Specialties,

Century 2001 Promotional Products, Gimmees.com ("Gimmees"), Pinnacle Promotions,

Promos 911, Inc. ("Promos 911"), Empire Promotional Products and Collegiate Concepts,

Inc. ("Collegiate Concepts")  Prime Line, Specworks, Inc. ("Specworks"), Premium

Industries, Inc.(" Premium Industries"), Deluxe.com ("Deluxe"), My Promotional Pens,

Executive Advertising, Designwear Premier Promotions as follows:

## I.     JURISDICTION.

1.     This is a claim for patent infringement under the patent laws of the United

States, Title 35 of the United States Code.  This Court and other federal district courts have

exclusive jurisdiction over the subject matter of this case under 28 U.S.C.§ 1338(a).

## II.     VENUE.

2.     Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in

that this is the judicial district in which a substantial part of the acts and omissions giving

rise to the claims occurred.  Further, venue is proper as to each defendant under 28 U.S.C.

§1400(b).

## III.     PARTIES.

3.      Plaintiff currently resides at 286 Upper Powderly Street, Carbondale, Pennsylvania 18407. Plaintiff is the owner of United States Patent No. 7,653,959 B1 (the "'959 patent"), entitled "Article Assembly," that issued on February 2, 2010 and expired on December 30, 2016. Under section 286 of the patent act, Plaintiff has the sole right to a six year look back to sue for infringement of said patent, allowing Plaintiff from the day the original complaint was filed (November 3, 2022)  up to December 30, 2022 to make a valid claim.  A copy of the '959 patent is attached hereto as **Exhibit A.**

4.      Upon information and belief, 4Imprint is a Wisconsin company with its principal place of business at 101 Commerce St, Oshkosh, WI 54901

5.      Upon information and belief  4 All Promos is a Connecticut company with its principal place of business at 50 West Ave. Essex, CT 06426

6.      Upon information and belief National Pen is a Tennessee company with its principal place of business at 342 Shelbyville Mills Road Shelbyville, TN 37160

7.      Upon information and belief AnyPromo is a California company with its principal place of business at 1511 E Holt Blvd Ontario, CA 91761

8.      Upon information and belief Everything Branded USA is a Nevada company with its principal place of business at 6725 via Austi Pkwy Suite 150 Marnel Corporate Center 3 Las Vegas, NV 89119

9.      Upon information and belief Bel USA is a Florida company with its principal place of business at 12610 NW 115th Ave, Miami, FL 33178

10.      Upon information and belief Quality Logo Products is a Illinois company with its principal place of business at 724 North Highland Ave. Aurora, Illinois, 60506

11.      Upon information and belief Brilliant Promotions is a Arizona

company with its principal place of business at 21020 North 8th Way Suite 1 | Phoenix, AZ, 85024

12.     Upon information and belief Order Swag is a Georgia company with a Principal place of business at 8215 Roswell Rd Suite 900 Atlanta, GA, 30350

13.     Upon information and belief Professional Marketing Services is a Connecticut company with a principal place of business at 300 Long Beach Blvd, Stratford, CT 06615

14.     Upon information and belief Best Little Promohouse In Texas is a Texas company with a principal place of business at 102 Love Bird Lane, Murphy, TX 75094

15.     Upon information and belief Garrett Specialties is a New Jersey company with a principal place of business at 10000 Lincoln Dr., E Suite 201, Marlton, NJ 08053

16.     Upon information and belief Century 2001 Promotional Products is a Florida company with a principal place of business at 110 Tomahawk Dr., Indian Harbour Beach, Florida 32937

17.     Upon information and belief Gimmees is a New Jersey company with a principal place of business at 28 N Coolidge Ave. Unit A, Margate City, NJ 08402-1012

18.     Upon information and belief Pinnacle Promotions is a George company with a principal place of business at 4855 Peachtree Industrial Blvd #235, Norcross, GA 30092

19.     Upon information and belief  Promos 911 is a Illinois company with a principal place of business at 930 N York Rd, Hinsdale, Illinois 60521

20.     Upon information and belief Empire Promotional Products is a New York Company with a principal place of business at 65 W 90th St #6F, New York, NY 10024

21.     Upon information and belief Collegiate Concepts is a Minnesota Company with a principal place of business at 1306 County Rd F West Suite 210, Arden Hills, MN 55112

22.     Upon information and belief Prime line is a Connecticut Company with a principal place of business at 1100 Boston Avenue, Bridgeport, CT 06610

23.     Upon information and belief Specworks is a Maryland Company with a principal place of business at 810 South Bond Street, Baltimore, MD 21231

24.     Upon information and belief Premium Industries is a Wisconsin Company with a principal place of business at 2545 N 96 Street, Milwaukee, WI 53226

25.     Upon information and belief Deluxe is a Georgia Company with a principal place of business at 138 Park Ave., Suite 300, Winder, GA 30680

26.     Upon information and belief My Promotional Pens is a Georgia Company with a principal place of business at 1051 Skipstone Court, Watkinsville, GA 30677

27.     Upon information and belief Executive Advertising is a Tennessee Company with a principal place of business at 181 East Main St, Ste. #4 Hendersonville, TN 37075

28.     Upon information and belief Designwear Premier Promotions is a Ohio Company with a principal place of business at 40 Cedarlawn Dr. Dayton, OH 45415

29.     Plaintiff does not know the true identities of fictitious Defendants Does 1 through 50, but reserves the right to amend this complaint to add said defendants upon discovery of their true identities.

30.     This court has personal jurisdiction over the named Defendant.

5

## IV. RELEVANT MATTER

31.    The "959 patent is a continuation of U.S. Patent No. 6,026,532 (the "532 patent") which was assigned to the Church & Dwight Co. on February 28, 2011, as part of a settlement agreement during a patent infringement lawsuit ( *David Catanzaro v. Procter & Gamble Co. et al.)*

32.    The '959 patent contained a Terminal Disclaimer whereby the Disclaimer stated that joint ownership of the '532 and '959 patent was required for the '959 patent to be enforceable.

33.    Church & Dwight assigned the '532 patent back to Plaintif on August 31, 2016 (The Assignment effective date).   The Assignment is attached hereto as **Exhibit B**

34.    Plaintiff has full legal right to commence this matter


## V.    CLAIMS.

### COUNT I – DECLARATORY JUDGMENT

35.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34, inclusive.

36.    An actual, present and justiciable controversy has arisen between Plaintiff and Defendants regarding the '959 patent.

37.    Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Plaintiff seeks declaratory judgment from this Court that Defendants has infringed upon the '959 patent.


### COUNT VI – PATENT INFRINGEMENT

38.    Defendants transact business in this judicial district related to the '959

patent, without a license or permission from plaintiff. Defendants have infringed, induced

others to infringe, and/or contributorily infringed, literally or under the doctrine of

equivalents, one or more claims of the '959 patent. Defendants did so by manufacturing,

having manufactured, importing, using, offering for sale and/or selling products that

embody and/or practice the patented invention, known as "Bend-a-Pen" " "Happy

Highlighter" "Goofy Group Pencil Sharpener W/ Smiley Pencil" "Pop-a-doo Computer dusty

brush" "Cute Crew Highlighter" "Cool Crew Pen" along with other similar assorted product

lines sold throughout the enforcement term on the '959 patent (At this time, Plaintiff does

not know all the true identifying names of all infringing products.)

39.     Defendants transact business in this judicial district and have committed acts of

infringement in this judicial district by offering for sale and selling the Bend-a-Pen, Happy

Highlighter, Goofy Group Pencil Sharpener W/ Smiley Pencil, Pop-a-doo Computer dusty brush,

Cute Crew Highlighter, Cool Crew Pen, products along with other similar assorted product

lines after February 2, 2010. ( Plaintiff does not know all the true Identifying

names of all infringing products.)

40.    Plaintiff seeks damages for patent infringement against Defendants for the

maximum period of time permitted by law.

41.    Defendants have directly infringed claims 1, 4, 5 & 8 of the '959 patent in violation

of 35 U.S.C. § 271(a). Upon information and belief, Defendants have also infringed claims

1, 4, 5 & 8  of the '959 patent by knowingly and actively inducing others to infringe in

violation of 35 U.S.C. § 271(b).

42.    Upon information and belief, Defendants infringement of the '959 patent have

been willful and deliberate. Defendants' infringement has injured plaintiff.

## VII.    PRAYER FOR RELIEF.

WHEREFORE, Plaintiff, David J. Catanzaro, respectfully requests that this Court enter Judgment against Defendants and against their subsidiaries, successors, parents, affiliates, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A.    Issue a declaratory judgment stating that Defendants have infringed the '959 patent;

B.    Order an award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

C.    Issue a finding that Defendants acts of infringement have been willful and ordering an award of increased damages as provided by 35 U.S.C. § 284;

D.    Order Defendants to pay plaintiff's reasonable attorney fees and costs of this action; and,

E.    Order such other relief that Plaintiff is entitled to under law and any other further relief that this Court or jury may deem just and proper.

## VIII.   JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues presented in this complaint.

Respectfully submitted,

_____

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com